OPINION OF THE COURT
Helen E. Freedman, J.
On the night of the blackout, July 13, 1977, plaintiff Nicholas Longo fell down a full flight of steps from the 14th to the 13th floor of his residence and sustained serious injuries. Plaintiff obtained a jury verdict of $305,680 against defendants Kelly Towers Associates and Consolidated Edison Company of New York, Inc., apportioned 75% against defendant Kelly Towers and 25% against defendant Consolidated Edison Co. Prior to the trial plaintiff moved for partial summary judgment precluding defendant Consolidated Edison Company from relitigating the issue of its gross negligence. Defendant Consolidated Edison opposed plaintiff’s motion and cross-moved for summary judgment dismissing the amended complaint and dismissing Kelly Towers’ cross complaint for indemnification on the ground that no duty was owed to plaintiff.
At the commencement of the trial I granted plaintiff’s motion for partial summary judgment and denied Con Edison’s motion to dismiss, with leave to renew at the end of the trial. After the verdict Con Edison renewed the motion to dismiss. Then defendant Kelly Towers settled *831 with plaintiff pursuant to section 15-108 of the General Obligations Law, and discontinued its cross complaint against defendant Consolidated Edison. Con Edison’s cross claim against Kelly Towers was dismissed on the record at the time of the settlement.
Before considering defendant’s motion to dismiss, the reasons for precluding Con Edison from relitigating the issue of its gross negligence will be set forth.
There are two priorities to affirmative use of collateral estoppel, or issue preclusion. First, “There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.)
Applying these tests to the issue of Con Edison’s gross negligence in connection with the 1977 blackout, the Appellate Divisions of both the First and Second Departments, under circumstances very similar to those at bar, have held that Con Ed is precluded from relitigating the issue of its gross negligence. (Goldstein v Consolidated Edison Co., 93 AD2d 589; Shaid v Consolidated Edison Co., 95 AD2d 610 [2nd Dept].) That issue had been determined by a jury verdict affirmed by the Court of Appeals in Food Pageant v Consolidated Edison Co. (54 NY2d 167). Gold-stein (supra) states the law in this department and is binding upon this court. Therefore plaintiff’s motion for partial summary judgment against defendant Consolidated Edison was granted.
Defendant Con Edison’s cross motion to dismiss is denied for the following reasons. Defendant argues that plaintiff was not its customer in that the accident occurred in the public parts or common areas of the building. Therefore it had no duty to supply electricity to him and cannot be held liable for any injuries he suffered as a result of the blackout. It is claimed that no contractual liability exists in the absence of privity, and that no tort liability exists because Con Edison owes no common-law duty to plaintiff.
While defendant may not have a duty arising from a contractual relationship with plaintiff, the actual relation *832 ship of the parties may create a duty of care independent of contract. (See Moch Co. v Rensselaer Water Co., 247 NY 160; Beck v FMC Corp., 53 AD2d 118, affd 42 NY2d 1027.) Moch (supra) involved an action by the owner of a warehouse that suffered fire damage, against a water works company which was under contract to the State. The plaintiff claimed that it had been injured as a result of the defendant’s breach of its contract with the State, namely, failure to supply adequate water. In Beck (supra) employees of an automobile plant sued a chemical company (EMC) and the utility (Niagara) that provided power to that company, when an explosion at EMC caused a power interruption at the plaintiffs’ automobile company. The employees claimed lost wages as a result of being unable to work during the power failure.
After determining that there was no cause of action in contract, the courts addressed the issue of liability in tort. Both found that the defendants owed no duty to the respective plaintiffs. In reaching its conclusion in Moch (supra), the court feared “that liability would be unduly and indeed indefinitely extended by this enlargement of the zone of duty.” (Moch Co. v Rensselaer Water Co., supra, at p 168.) In Beck (supra, at p 121), the court similarly stated: “It would extend endlessly, like the rippling of the waters, far beyond the zone of danger * * * to all who suffered injury or economic loss caused by the absence of electrical power.” Clearly, the purpose of those decisions was “ To limit the legal consequences of wrongs to a controllable degree’”. (Beck v FMC Corp., supra, at p 122.)
While the courts in Moch (supra) and Beck (supra) found the relationship between plaintiff and defendant too remote to impose responsibility, Chief Judge Cardozo in Moch recognized that a common-law duty of care could exist outside the confines of a contract. (Moch Co. v Rensselaer Water Co., supra, at p 167.)
In the instant case the relationship between plaintiff and defendant Con Edison is significantly different from those in Moch (supra) and Beck (supra) and is sufficiently close to create a duty running from Con Edison to plaintiff. Consolidated Edison obligated itself to supply electricity to plaintiff’s residence, which included the common areas. In un *833 dertaking to provide the service to the building in which plaintiff lived, Con Edison inextricably involved itself with plaintiff, and must have known that its gross negligence would or could adversely affect him. (Perez v New York City Housing Auth., 114 Misc 2d 1055; see, also, Goldstein v Consolidated Edison Co., supra.) While foreseeability alone may not be sufficient to create a duty (Beck v FMC Corp., supra, at p 121), foreseeability coupled with a clear intent to benefit a particular person or class of persons, such as plaintiff here, creates a duty.
The fact that utility service to multiple dwellings is provided through contracts with landlords should not deprive the tenant of a direct cause of action against the utility, because it is clear that the service was specifically provided for consumption by the tenant. The facts in Gold-stein (supra) and Perez (supra) also involve injuries to tenants in the common areas of an apartment building during the 1977 blackout.
Since plaintiff was not only clearly within the zone of anticipated danger when Con Edison undertook its obligation to furnish utility service, but was one of a limited number of expected consumers of the service, imposition of liability on Consolidated Edison is not at all inconsistent with the principle enunciated in Mock (supra) and its progeny. Under these circumstances, it is entirely appropriate that plaintiff have a cause of action against Consolidated Edison.