■ ILEEN SCHAEFFER, Respondent, v ELI LILLY AND COMPANY, Appellant.—In an action to recover damages for personal injuries, defendant Eli Lilly and Company appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated

July 19, 1983, which granted plaintiff's motion for partial summary judgment.

Order modified, on the law, by granting plaintiff's motion only to the extent of the following:

"ORDERED, that plaintiff shall have summary judgment with respect to the following issues:

"i. That Diethylstilbestrol (DES) was not reasonably safe in the treatment of accidents of pregnancy (miscarriages) when it was allegedly ingested by plaintiff's mother in 1954;

"ii. That in 1954 when plaintiff's mother allegedly ingested DES, the defendant as a reasonably prudent drug manufacturer should have foreseen that DES might cause cancer in the offspring of pregnant women who ingested the drug;

"iii. Foreseeing that DES might cause cancer in the offspring of pregnant women who took it, a reasonably prudent drug manufacturer would have tested it on pregnant mice before marketing it;

"iv. Had the defendant tested DES on pregnant mice before marketing it, it would have shown that DES causes cancer in offspring;

"v. That a reasonably prudent drug manufacturer would not have marketed DES for use in treating accidents of pregnancy in 1954 if it had known that DES causes cancer in the offspring of pregnant mice."

As so modified, order affirmed, without costs or disbursements.

Diethylstilbestrol (DES) is a synthetic estrogen-type drug once commonly prescribed to prevent miscarriages. Between 1947, when DES was first approved for that use by the Food and Drug Administration (FDA), and 1971, when the FDA withdrew its approval because the drug had been found to be both ineffective and dangerous, DES was ingested by several million pregnant women (Note, Market Share Liability: An Answer to the DES Causation Problem, 94 Harv L Rev 668). It is estimated that in New York State alone, at least 100,000 persons have had prenatal exposure to DES, which is causally associated with a rare type of cervical and vaginal cancer in the female offspring of women who took the drug during pregnancy (L 1978, ch 715, § 1 [Public Health Law § 2500-c, legislative history]). In her action against Eli Lilly and Company, plaintiff alleges that as a consequence of her prenatal exposure to DES manufactured by defendant, she contracted vaginal adenocarcinoma and underwent a radical hysterec-

tomy and a near total vaginectomy at the age of 19 in order to arrest the disease.

The appeal is here because Special Term granted plaintiff's motion for partial summary judgment, invoking third-party issue preclusion to bar defendant from relitigating various liability issues that were determined in an earlier DES action entitled *Bichler v Lilly & Co.* (55 NY2d 571). Special Term's order precluded the defendant from relitigating its liability for marketing DES for use in preventing miscarriages without adequate testing.

*Bichler (supra)* was the first products liability action in New York State involving DES. Having been proffered the issues in the form of a general verdict with interrogatories *(see,* CPLR 4111), the jury found in plaintiff's favor, concluding that (1) a prudent drug manufacturer should have foreseen and tested for possible carcinogenic effects on the prenatally exposed offspring of DES users; (2) had such a drug manufacturer tested DES on pregnant mice it would have discovered that the drug causes cancer in their offspring; and (3) with that knowledge the reasonably prudent manufacturer would not have marketed DES for use in preventing miscarriages. Without objection, the jurors were also asked to find that Eli Lilly and Company and other drug manufacturers acted in concert with each other in the testing and marketing of DES for use in preventing miscarriages, and did so find, thus providing a basis for holding Eli Lilly and Company liable to the plaintiff without the necessity of a showing that it was Eli Lilly and Company's own product which caused harm to the plaintiff. The "concerted action" theory is not before us now because the plaintiff had identified defendant as the manufacturer of the drug taken by her mother, and thus we need not determine the viability of that theory.

Although the defendant does not dispute that the *Bichler* findings concerning inadequate testing were actually litigated and determined by a valid and final judgment in that case and that those determinations were essential to the judgment, it contends that issue preclusion should not be applied for several reasons. First, defendant argues that adjudications in foreign jurisdictions have been inconsistent with *Bichler (supra).* Next, defendant argues that third-party issue preclusion should be applied only when multiple claims arise from the same incident, while this case is based on a different "incident" of drug ingestion than *Bichler.* Defendant also contends that there were indications of a jury compromise in *Bichler* and that although that issue was litigated on the *Bichler*

appeal, the test for compromise in the issue preclusion context is not the same as the test on direct appeal. Finally, defendant contends that this case depends upon highly personalized medical questions not addressed in *Bichler* because all cancers are not the same and plaintiff supposedly had a different condition than did Joyce Bichler and therefore has not met her burden of proving "identity of issue".

Before issue preclusion may be invoked to prevent a party from litigating an issue, it must be proved that there exists an identity of issue or that an issue necessarily decided in the prior case was identical to the one at hand and therefore the prior resolution of that issue should be binding in the present case *(Kaufman v Lilly & Co.,* 65 NY2d 449). Even if this burden is met, however, issue preclusion will be denied when it is sought to be utilized by a third party, if the party opposing issue preclusion can show there was no full and fair opportunity to contest the decision now said to be controlling *(compare, Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71-73, and *Koch v Consolidated Edison Co.,* 62 NY2d 548, 554-555, *cert denied* — US —, 105 S Ct 1177, *with Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co].,* 43 NY2d 184, 190, 192).

In dealing with the identity of issue question, we turn first to defendant's contention that this case is not a medical parallel of *Bichler (supra)* because plaintiff allegedly suffered from a different type of cancer than did Joyce Bichler and the *Bichler* jury simply used the broad term "cancer" in stating the manufacturer's liability for inadequate testing. This argument is without merit with respect to the factual findings relevant to inadequate testing. Both plaintiff and Joyce Bichler suffered from clear-cell cancer of the vagina or cervix, both underwent radical hysterectomies and partial vaginectomies before reaching the age of 20, both attributed their injuries to prenatal exposure to DES, and both alleged inadequate testing *(see, Bichler v Lilly & Co., supra,* at p 577). Hence, whatever medical differences may exist between the two cases are simply not relevant to the issues relating to defendant's inadequate testing and the negative effects of DES and do not justify relitigation of those issues *(see, Kaufman v Lilly & Co., supra,* at pp 457-458). Whether the ingestion of DES by the instant plaintiff's mother was the proximate cause of her injuries, however, is a question which was not and could not have been decided by the *Bichler* jury. Hence, plaintiff is not entitled to issue preclusion concerning this issue.

As to defendant's argument that identity of issue is lacking as to all issues simply because plaintiff's mother ingested DES at a later date than did Joyce Bichler's mother and under different circumstances, a similar argument was rejected by the Court of Appeals in *Kaufman v Lilly & Co. (supra)*. Except as they may be pertinent to the issue of proximate cause, these distinctions are not pertinent under the circumstances.

Finally, as to defendant's remaining arguments that none of the *Bichler* jury's findings are entitled to preclusive effect either because the *Bichler* verdict was the result of a compromise or because of the existence of purportedly inconsistent verdicts in other DES cases, it suffices to note that both arguments were raised and rejected in *Kaufman (supra)*. Because that part of the record in this case that is relevant to these contentions is not distinguishable from that in *Kaufman* in any significant way, defendant's arguments must be rejected. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.