■ MARGARET HAHN et al., Appellants, v PARVIZ TAEFI, Respondent.—Order unanimously affirmed, without costs. Memorandum: In this medical malpractice action, we are told that the complaint alleges that defendant negligently performed upon plaintiff Margaret Hahn a surgical procedure known as a tuboplasty, the purpose of which was to reverse her prior tubal ligation. It is said that as a result of the operation, Margaret Hahn was rendered permanently sterile. Plaintiffs appeal from that part of an order which struck from their bill of particulars the word "sterility" as a separately stated injury.

The sparse stipulated record submitted by the parties contains neither the pleadings nor the bill of particulars. Nor does it contain any medical proof. As a consequence, we are unaware of the nature of the physical injury, if any, which brought about Margaret Hahn's sterility, and we are not informed of any other injuries alleged to have been sustained by her.

Nevertheless, it has long been recognized that there may be no recovery "for the loss of offspring, as such" *(Endresz v Friedberg,* 24 NY2d 478, 488). Thus, if it is plaintiffs' purpose to seek recovery for the effect of sterility in depriving plaintiffs of children or of their companionship, the word was properly struck from the bill of particulars. The injury is too speculative to be compensable *(see, Butler v Manhattan Ry. Co.,* 143 NY 417).

Recovery may be had, however, for physical and mental injuries, including emotional upset, suffered by a patient as a consequence of a doctor's breach of duty to that patient *(see, Tebbutt v Virostek,* 65 NY2d 931). Thus, if plaintiff Margaret Hahn's sterile condition resulted from injuries suffered by her as a consequence of defendant's breach of duty to her, she is entitled to recovery not only for the physical injuries inflicted upon her but also for the mental and emotional distress attending those injuries *(see, Endresz v Friedberg, supra,* p 487).

Since Special Term's order and memorandum decision are not inconsistent herewith, we affirm. (Appeal from order of Supreme Court, Erie County, Gossel, J.—strike portion of bill of particulars.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.