■ CHRISTINE LAVISTA, Respondent, v HUNTINGTON HOSPITAL et al., Appellants. [673 NYS2d 162] —In an action to recover damages for medical malpractice, the defendants Huntington Hospital, Leonard Fulgado, and John Perez appeal, and the defendant Lawrence Lippert separately appeals, from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 20, 1997, which denied their separate motions to strike certain language from item nine of the plaintiff's bill of particulars.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The instant action was commenced by the plaintiff to recover damages for medical malpractice. In item nine of his demand for a bill of particulars, the defendant Lawrence Lippert requested that the plaintiff "[s]tate the injuries which [she] alleges to have sustained as a result of the alleged * * * medical malpractice". In response, in item nine of her bill of particulars, the plaintiff stated that as a result of the defendants' misdiagnosis of appendicitis, her appendix burst and caused, *inter alia*, her fallopian tubes to become blocked. The plaintiff further alleged in item nine of her bill that she "may be unable to become pregnant * * * and may be subject to ectopic pregnancies". The defendants objected to this language, and separately moved, *inter alia*, to strike the language or for an order of preclusion.

Contrary to the defendants' arguments, the Supreme Court properly denied their respective motions. It is true that should the plaintiff prevail on the issue of liability, she cannot recover for the loss of children or of their companionship "as such" (*Endrez v Friedberg*, 24 NY2d 478, 488). However, she may recover damages for the physical injuries inflicted upon her, and the mental and emotional distress attending those injuries (*see, Hahn v Taefi*, 115 AD2d 946; *Villa v Marciano*, 167 AD2d 828; *cf., Stewart v New York City Health & Hosps. Corp.*, 207 AD2d 703). Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motions. Mangano, P. J., O'Brien, Pizzuto and Krausman, JJ., concur.