■ ELIZABETH TRAINA et al., Appellants, v GRELLO PEDIATRICS et al., Respondents. [673 NYS2d 163] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated March 6, 1997, as granted the defendants' motion to strike their supplemental verified bill of particulars.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The infant plaintiff allegedly sustained physical injuries as a result of, *inter alia,* the defendants' negligence in failing to properly diagnose and treat her appendicitis. She allegedly suffered a ruptured appendix. According to the opinion of the plaintiffs' expert medical witness, as asserted in the plaintiffs' supplemental bill of particulars, the defendants' negligence caused an abdominal infection which substantially reduced the possibility that she could conceive children naturally. The Supreme Court granted the defendants' motion to strike this allegation as being too speculative to be compensable. We reverse.

In *LaVista v Huntington Hosp.* (250 AD2d 649 [decided herewith]), the plaintiff similarly alleged reproductive injuries as a result of misdiagnosed appendicitis. In upholding the denial of the defendants' motion to strike such claims from that plaintiff's bill of particulars, we held that notwithstanding that the plaintiff may not recover for the loss of children or their companionship "as such", she "may recover damages for the physical injuries inflicted upon her, and the mental and emotional distress attending those injuries" (*LaVista v Huntington Hosp., supra,* at 649). The same result is warranted here. Therefore, the Supreme Court erred in striking the

plaintiffs' supplemental bill of particulars. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.