■ NORTH AMERICAN HYPERBARIC CENTER, Appellant, v CITY OF NEW YORK, Defendant, and HEALTH AND HOSPITALS CORPORATION OF THE CITY OF NEW YORK (BRONX MUNICIPAL HOSPITAL CENTER), Respondent. [604 NYS2d 56] —Order, Supreme Court, Bronx County (Lewis Friedman, J.), entered on or about July 23, 1992, which, *inter alia,* denied the plaintiff's motion for summary judgment as against defendant Bronx Municipal Hospital Center of the New York City Health and Hospitals Corporation ("HHC"), and which granted the cross-motion by defendants HHC and the City of New York ("the City") (collectively "defendants") for summary judgment dis-

missing the plaintiff's complaint, unanimously affirmed, without costs.

The IAS Court recognized that after the expiration of their contract, the parties' conduct could have evidenced their mutual assent to a new contract embracing the same provisions and terms as their prior contract, since it is well settled in New York that "[w]hen an agreement expires by its terms, if, without more, the parties continue to perform as theretofore, an implication arises that they have mutually assented to a new contract containing the same provisions as the old" *(Martin v Campanaro,* 156 F2d 127, 129, *cert denied* 329 US 759, citing, *inter alia, New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365). Plaintiff's attempt to avoid the volume based reduction of fee is therefore rejected.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.