■ CRONIN & BYCZEK, LLP, Formerly Known as TRAGER, CRONIN & BYCZEK, LLP, Appellant, v PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, Respondent. [776 NYS2d 899]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 6, 2003, as granted the defendant's motion for partial summary judgment limiting its liability for legal fees to services rendered by the plaintiff from July 1, 1999, through September 30, 1999.

Ordered that the order is modified, on the law, by deleting the provision thereof limiting the defendant's liability for legal fees to services rendered by the plaintiff from July 1, 1999, through September 30, 1999, and substituting therefor a provision limiting the defendant's liability to services rendered by the plaintiff from July 1, 1999, through November 1, 1999; as so modified,

the order is affirmed insofar as appealed from, with costs to the defendant.

The defendant established its prima facie entitlement to partial summary judgment by offering evidence demonstrating that the parties' contract expired by its own terms (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Nothing that the defendant did after September 30, 1999, was inconsistent with the termination of the contract between the parties (*cf. North Am. Hyperbaric Ctr. v City of New York*, 198 AD2d 148, 149 [1993]). However, because the defendant in its letter dated September 27, 1999, agreed to continue funding for cases in which the plaintiff was providing legal services until November 1, 1999, the end date of its obligation should have been November 1, 1999, rather than September 30, 1999.

The plaintiff's remaining contentions are without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.