OPINION OF THE COURT
Jasen, J.
Kenneth James and Terrance Shanley were involved in a head-on automobile collision on September 10, 1976. Two separate actions in negligence were brought as a result. These actions were originally joined for trial, but were severed immediately prior to trial, without opposition. In the first action, the jury found Shanley 100% at fault and awarded James $65,000 in damages. In this second action, Shanley seeks damages from Callanan Industries (Callanan) , claiming a hazardous condition created by Callanan caused the accident. The issue presented on this appeal is whether the judgment in the first action collaterally estops plaintiff Shanley from pursuing this second action.
Callanan moved for summary judgment in this second action, arguing that the question of liability had been completely resolved against Shanley in the prior action between James and Shanley. Judge Miner, who had also presided at the prior trial, denied the motion and held that the ques *55 tion of Callanan’s possible negligence had not been litigated. On appeal, the Appellate Division modified and granted Callanan’s motion to dismiss.* Noting that a prior judgment binds the litigants as to issues which could have been litigated as well as those that were litigated (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306), the Appellate Division held that the jury’s verdict, applying 100% of the negligence to Shanley, necessarily implied a determination that Shanley’s negligence was the proximate cause of the accident. This reasoning led the court to assume that Shanley had been given the opportunity to litigate the question of causation and to present evidence on all causal factors, including the condition of the highway at the scene of the accident. Thus, the court concluded, collateral estoppel should be invoked. We disagree.
It has long been the rule in New York that “there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.)
In a case such as this, where one accident gives rise to several claims in negligence, there is potentially a common question of causation. Therefore, it is necessary to determine whether the issue was necessarily decided in the previous action and whether there was a full and fair opportunity to litigate the claim made in the present action.
Recently, in considering the use of collateral estoppel by defendants who were not parties to the prior action, this court stated that it must be clear “that the prior determination squarely addressed and specifically decided the issue.” (O’Connor v G & R Packing Co., 53 NY2d 278, 280.) In O’Connor v G & R Packing Co., we distinguished the case *56 in which it is clear that the first litigation considered the issue fully and made a determination (Malloy v Trombley, 50 NY2d 46), even if in the alternative, from the case where it is unclear, because of the nature of the decision, that the litigant was afforded his day in court. (O’Connor v G & R Packing Co., supra, at pp 282-283.)
The test of a full and fair opportunity to litigate is designed to assure that the party against whom collateral estoppel is being invoked has had an opportunity to present his case. In determining whether this test has been met, the court must conduct “an exploration of the various elements which make up the realities of litigation.” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 72, supra.) Among the elements to be considered is the “foreseeability of future litigation”. (Schwartz v Public Administrator of County of Bronx, supra, at p 72.) In this case, all the parties knew of the pending action between Shanley and Callanan, which, prior to its severance, was calendared for joint trial. Counsel did not present the issue of or any evidence as to Callanan’s potential negligence relative to the condition of the highway at the scene of the accident, nor was the jury instructed that it could apportion the negligence among nonparties as well as Shanley and James. The first action was tried, according to Judge Miner, the Trial Judge, “upon the assumption that he [Shanley] would have the opportunity to litigate his claim against Callanan” in the severed action between those parties. Thus, the jury’s determination that Shanley was 100% at fault as between Shanley and James did not necessarily decide the issue of negligence as it exists between Shanley and Callanan. Nor can we say, as a matter of law, that the jury verdict in the first action necessarily precludes a different determination of negligence in a second litigation between different parties based upon a different claim of negligence even though both cases arose as a result of the same accident.
While it has been said in the past that a determination finding the defendant in the first action to be negligent barred a relitigation of the issue of negligence arising out of the same accident when the defendant then brought a suit against a third party (Albero v State of New York, 31 AD2d 694, affd 26 NY2d 630), that rule is applicable *57 only where contributory negligence is a full defense. Under the doctrine of contributory negligence, a determination that a party was negligent to any degree would bar that party from relitigating the question of his negligence in an action against any other party arising out of the same accident. It was not necessary to determine the negligence of such other party as the adjudicated negligence of the party bringing the action would bar his recovery.
Since the Albero case, our State had adopted the comparative negligence rule. (CPLR 1411.) With the adoption of this statute, it is now the rule that a determination between two parties on the issue of negligence no longer necessarily bars recovery against a stranger to the first action unless the issue was litigated on the merits in the prior trial.
The doctrine of collateral estoppel is not applicable in this case. The issue of Callanan’s negligence simply was not litigated or necessarily decided in the first action.
Finally, we note that this entire appeal arises only as a result of the severance of the two actions immediately prior to trial. Although it is within a trial court’s discretion to grant a severance, this discretion should be exercised sparingly. Where complex issues are intertwined, albeit in technically different actions, it would be better not to fragment trials, but to facilitate one complete and comprehensive hearing and determine all the issues involved between the parties at the same time. Fragmentation increases litigation and places an unnecessary burden on court facilities by requiring two separate trials instead of one.
Accordingly, on plaintiff’s appeal as against third-party defendant James: appeal should be dismissed, without costs. On plaintiff’s appeal as against defendant Callanan Industries, Inc.: order, insofar as appealed from, should be reversed, with costs, and defendant’s motion for summary judgment against plaintiff should be denied.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On plaintiff’s appeal as against third-party defendant James: Appeal dismissed.
On plaintiff’s appeal as against defendant Callanan Industries, Inc.: Order, insofar as appealed from, reversed, etc.

 Callarían had impleaded J ames for full or partial indemnity or contribution. James’ motion for summary judgment was granted by Special Term and Shanley did not appeal this order. The validity of that part of the order cannot be raised for the first time on appeal to this court (Cohen and Karger, Powers of the New York Court of Appeals, § 94, pp 404-405) and, therefore, we dismiss the appeal purportedly taken by Shanley as to James.