OPINION OF THE COURT
Jacqueline W. Silbermann, J.
This is a motion by plaintiff for an order striking the first affirmative defense of defendant New York Property Insurance Underwriting Association alleging a waiver of coverage upon the ground that the premises involved in this action were vacant for a period of 60 consecutive days.
The plaintiff is the owner of a building located at 931 East 180th Street, Bronx, New York. Contained within such building are two stores, a dry cleaning establishment and a supermarket.
On July 18, 1978, while a policy of fire insurance written by defendant New York Property was in effect, a fire occurred in the building premises. Both the dry cleaning store and the supermarket sustained damage.
In an action commenced by the dry cleaning store to recover damages entitled Phase II Cleaners Corp. v New York Prop. Underwriting Assn., arising out of the same fire, the defendant alleged the same affirmative defense as is set forth in this action. The defendant New York Property issued the policies for both losses.
*111 In the aforementioned action, after a full trial, the issues were presented to a jury and a determination was made that the premises were not vacant or unoccupied for more than 60 consecutive days at the time of the fire on July 18, 1978 and the plaintiff was awarded damages in the sum of $25,000. The judgment and order entered thereon was appealed to the Appellate Term. Pursuant to a decision and order of the Appellate Term, dated February 1, 1985, the order appealed from was reversed and the defendant’s motion was granted to the extent that the verdict as to damages was set aside and a new trial was ordered on the issue of damages. The court, in effect, affirmed the finding as to liability.
Even though the perils insured against in both actions are not related, the issue of occupancy of the building premises remains the same. The Phase II case involved a loss of the contents of the premises of the dry cleaning store while the loss for which recovery is sought in this action is for damages to the entire building of which the dry cleaning store is a part.
To establish collateral estoppel there must be a showing of an identity of issues which were decided in a prior action that is decisive of the present action and that there was a full and fair opportunity to contest the prior decision. (See, Shanley v Callanan Indus., 54 NY2d 52; Schwartz v Public Administrator of County of Bronx, 24 NY2d 65.)
It is conceded that the building premises herein consisted of one building. The defendant contends that the occupancy of a small portion thereof by the dry cleaning store is not conclusive as to the occupancy of the entire building.
The court cannot agree with this contention. The occupancy of the dry cleaning store establishes occupancy of the entire premises consisting of one building. The fact that the one building was divided into two stores does not negate the finding that the building was occupied.
The policy of insurance issued to the plaintiff in this action insured the entire structure. As stated in 45 CJS, Insurance, § 556 (d), "A condition that the policy shall be void if the 'premises’ become vacant refers to the vacancy of the entire premises, and not merely to a part of it, or to some of the buildings thereon; and, where a policy covers an apartment building or several separate structures, the weight of authority is to the effect that the vacancy of one of the parts, or one of such insured buildings, will not effect a forfeiture of the *112 policy” (see, Roof v New York Federated Underwriters, 25 Misc 2d 712).
Defendants fail to indicate that the building premises involved herein were severable and did not consist of one unit.
The finding that the building premises were occupied in the Phase II Cleaners action is a finding of fact that is binding upon the parties herein and the defendant is collaterally estopped from relitigating the issue of occupancy, such issue having already been determined in a trial at which it had "a full and fair opportunity” to litigate the issue.
Accordingly, the motion by plaintiff to strike the first affirmative defense is granted.