■ MERCEDES U. VILLATORO et al., Respondents, v JOHN M.
TALT, JR., et al., Defendants and Third-Party Plaintiffs-
Appellants, et al., Defendant. HICKSVILLE AUTO WASH, INC., et
al., Third-Party Defendants. [702 NYS2d 381] —In an action, inter
alia, to recover damages for personal injuries, the defendants
third-party plaintiffs John M. Talt, Jr., and Jay Dee Tomfor
Transportation, Inc., appeal, as limited by their brief, from so
much of an order of the Supreme Court, Nassau County (Di-
Noto, J.), dated April 20, 1999, as granted that branch of the
plaintiffs' motion which was to dismiss the third-party com-
plaint insofar as asserted against the third-party defendant
Hicksville Auto Wash, Inc., pursuant to CPLR 1010, with prej-
udice, and denied that branch of their cross motion which was
to stay the trial of the main action to allow for the completion
of discovery in the third-party action.

Ordered that the order is reversed insofar as appealed from,
on the law, with costs, that branch of the motion which was to
dismiss the third-party complaint is denied, the third party
complaint is reinstated insofar as asserted against the third-
party defendant Hicksville Auto Wash, Inc., and that branch of
the cross motion which is to stay the trial of the main action to
allow for the completion of discovery in the third-party action
is granted.

The plaintiffs' motion pursuant to CPLR 1010 was not initially predicated upon an alleged failure to state a cause of action or upon a claim that there were no triable issues of fact. Rather, those claims were made for the first time in reply papers. Therefore, the Supreme Court erred in granting that branch of the motion which was to dismiss the third-party complaint insofar as asserted against Hicksville Auto Wash, Inc., on those grounds (*see, Goldstein v Haberman,* 183 AD2d 807). In any event, we find that the third-party complaint stated a cause of action for contribution and/or indemnification against the third-party defendant Hicksville Auto Wash, Inc., and issues of fact remain to be tried.

Although the appellants may have delayed in commencing the third-party action, since the actions involve common factual and legal issues a single trial is appropriate in the interest of judicial economy and to avoid the possibility of inconsistent jury verdicts (*see, Pescatore v American Export Lines,* 131 AD2d 739; *Guilford v Netter,* 179 AD2d 801). A short stay of 60 days so as to complete discovery in the third-party action will not unduly prejudice the plaintiffs in the main action.

The brief submitted by the third-party defendant Hicksville Auto Wash, Inc., has not been considered on the appeal, as that party did not submit any papers on the motion and cross motion which resulted in the order dated April 20, 1999. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.