■ MESHELLE B. NAYLOR, Respondent, v KNOLL FARMS OF SUFFOLK COUNTY, INC., Defendant, and KNOLL FARM OF LONG ISLAND, INC., Appellant. [818 NYS2d 460]—

In an action to recover damages for personal injuries, etc., the defendant Knoll Farm of Long Island, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated August 26, 2005, as denied its motion to sever the first cause of action from the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance (*see Mothersil v Town Sports Intl.*, 24 AD3d 424, 425 [2005]; *McCrimmon v County of Nassau*, 302 AD2d 372 [2003]; *Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844 [2001]; *McIver v Canning*, 204 AD2d 698 [1994]; *Guilford v Netter*, 179 AD2d 801 [1992]; *see also Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]). Severance is inappropriate where, as here, there are common factual and legal issues involved in two causes of action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Ingoglia v Leshaj*, 1 AD3d 482, 485 [2003]; *McIver v Canning, supra*; *Guilford v Netter, supra; cf. Stein v Yonkers Contr.*, 244 AD2d 478, 479 [1997]). Accordingly, the Supreme Court providently denied the appellant's motion to sever the first cause of action from the second cause of action. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.