■ Jacqueline Curreri, Respondent, v Heritage Property Investment Trust, Inc., Appellant, and Servus, Inc., et al., Respondents. [852 NYS2d 278]—

In an action to recover damages for personal injuries, the defendant Heritage Property Investment Trust, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 2006, as denied its motion for summary judgment on its cross claim against the defendant Servus, Inc., for a defense and contractual indemnification, granted those branches of the cross motion of the defendant Servus, Inc., and the separate cross motion of the defendant Parkline Asphalt Maintenance, Inc., which were for summary judgment dismissing the cross claims of Heritage Property Investment Trust, Inc., for common-law indemnification and contribution, and severed the cross claim of Heritage Property Investment Trust, Inc., for contractual indemnification.

Ordered that the order is modified, on the law, and as a matter of discretion, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Servus, Inc., which was for summary judgment dismissing the cross claim of Heritage Property Investment Trust, Inc., for common-law indemnification, and substituting a provision therefor denying that branch of that cross motion, and (2) by deleting the provi-

sion thereof severing the remaining claims; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to Parkline Asphalt Maintenance, Inc., by Heritage Property Investment Trust, Inc.

The defendant Heritage Property Investment Trust, Inc. (hereinafter Heritage), hired Servus, Inc., as agreed in a written contract dated May 1, 2000, to perform "custodial and/or sweeping and cleaning in a good workmanlike manner" at a number of its properties including the parking lot of the Turnpike Plaza Shopping Center in Huntington Station. Additionally, Servus agreed to "monitor and report shopping center safety problems including but not limited to defects such as potholes . . . in the parking lots."

The contract included a provision obligating Servus to defend and indemnify Heritage "from any and all damage . . . caused by, resulting from, arising out of or occurring in connection with . . . the execution of its work hereunder, excepting . . . only such damage or injury which may be attributable to the sole negligence of [Heritage]." Servus, in turn, hired Parkline Asphalt Maintenance, Inc. (hereinafter Parkline), to perform "Cleaning Services," which included sweeping and picking up trash bags at the parking lot of the Turnpike Plaza Shopping Center (hereinafter the Center).

On May 13, 2003 the plaintiff tripped on a pothole in the parking lot of the Center and was injured. At the time, the contract between Heritage and Servus had expired; however, Servus continued to provide "essentially the same services" to Heritage, which, in turn, paid the same rate. On November 3, 2003 Servus and Heritage executed an amendment to their original contract agreeing to extend its duration from December 31, 2002 through December 31, 2003. Subsequently, the plaintiff commenced the instant action. Heritage asserted cross claims for contractual and common-law indemnification against Servus, and a cross claim for common-law indemnification against Parkline.

Although at the time of the plaintiff's injury the original contract dated May 1, 2000 between Heritage and Servus had expired, their execution of an amendment on November 3, 2003, agreeing to extend the duration of that contract from December 31, 2002 through December 31, 2003, evidenced their intent that it be given retroactive effect (see Quality King Distribs., Inc. v E & M ESR, Inc., 36 AD3d 780 [2007]; Stabile v Viener, 291 AD2d 395, 396 [2002]). Moreover, despite the fact the original contract had expired, their conduct evidenced their mutual assent to a new contract embracing the same provisions and

terms as their prior contract (*see New York Tel. Co. v Jamestown Tel. Corp.*, 282 NY 365, 371 [1940]; *North Am. Hyperbaric Ctr. v City of New York*, 198 AD2d 148, 149 [1993]). Accordingly, the contract obligating Servus to defend and indemnify Heritage was in effect at the time of the plaintiff's injury.

Nevertheless, Heritage's motion for summary judgment on its cross claim for a defense and contractual indemnification against Servus was properly denied. Heritage failed to satisfy its prima facie burden of establishing that the plaintiff's injury arose out of or was caused by Servus's failure to "monitor and report" the presence of a pothole in the parking lot (*see Alexander v New York City Tr.*, 34 AD3d 312 [2006]; *Williams v 461 Eighth Ave. Assoc.*, 277 AD2d 181 [2000]; *Soto v Alert No. 1 Alarm Sys.*, 272 AD2d 466 [2000]; *cf. Hirsch v K Mart Corp.*, 260 AD2d 603, 604 [1999]).

The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party (*see D'Ambrosio v City of New York*, 55 NY2d 454, 460 [1982]). If, in fact, an injury can be attributed solely to negligent performance or nonperformance of an act solely within the province of the contractor, then the contractor may be held liable for indemnification to an owner (*see Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457 [2001]; *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]). Here, the Supreme Court properly dismissed Heritage's cross claim for common-law indemnification and contribution against Parkline since it had no duty to monitor the parking lot for potholes. However, the Supreme Court should not have dismissed Heritage's cross claim for common-law indemnification and contribution against Servus (*see Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]; *McBride v Stewart's Ice Cream Co.*, 262 AD2d 776 [1999]).

Severance of a cross claim is within the discretion of the trial court (*see Lelekakis v Kamamis*, 41 AD3d 662 [2007]; *Rothstein v Milleridge Inn*, 251 AD2d 154, 155 [1998]). However, the trial court should exercise that discretion sparingly (*see Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *Lelekakis v Kamamis*, 41 AD3d 662 [2007]). Here, the Supreme Court improvidently exercised its discretion in severing Heritage's cross claim against Servus for contractual indemnification from the main action since there are common factual and legal issues involved and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Naylor v Knoll Farms of*

*Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]; *Guilford v Netter*, 179 AD2d 801, 802 [1992]; *Sichel v Community Synagogue*, 256 AD2d 276 [1998]).

We do not reach the alternative arguments for affirmance raised by Servus as these arguments were not raised before the Supreme Court (*see Coney Is. Exhaust v Adriana Realty Corp.*, 236 AD2d 506, 507 [1997]). Skelos, J.P., Lifson, Santucci and Covello, JJ., concur.