JAYMER COMMUNICATIONS, INC., Appellant, v ASSOCIATED LOCKSMITHS OF AMERICA, INC., Respondent. [923 NYS2d 844]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 12, 2010, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011], quoting *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). However, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847, 848 [2007]).

Here, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The complaint failed to sufficiently allege the existence of a valid and binding contract between the plaintiff and the defendant (*see Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 451 [2009], *affd* 16 NY3d 173 [2011]; *Infrastructure Mgt. Sys. v County of Nassau*, 2 AD3d 784, 786 [2003]).

The plaintiff's remaining contentions either are not properly before this Court, or do not warrant reversal. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.