NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant, v JOHN MCGEE et al., Respondents. [928 NYS2d 360]—

The plaintiff insurance company issues automobile insurance policies in New York State which include coverage under the "no-fault" insurance law (*see* Insurance Law § 5101 *et seq.*). The plaintiff commenced this action against John McGee (hereinafter Dr. McGee), a licensed physician, and 12 professional medical service corporations owned and operated by Dr. McGee (hereinafter collectively the PCs), alleging that the PCs were fraudulently incorporated in Dr. McGee's name when they were actually owned, operated, and controlled by unlicensed persons and their management companies in violation of applicable statutes and regulations. The plaintiff seeks a judgment declaring that it is not obligated to pay outstanding and future no-fault insurance claims submitted by the PCs on the primary theory that they were fraudulently incorporated in Dr. McGee's name to circumvent New York law prohibiting nonphysicians from sharing ownership in medical service corporations. The plaintiff also seeks declaratory relief on the alternate theories that the PCs failed to provide requested verification of their eligibility to receive no-fault benefits, failed to attend requested examinations under oath in various actions and arbitration proceedings initiated by them to recover no-fault benefits, and submitted bills seeking payment of no-fault benefits for services that were not provided.

Shortly after the defendants joined issue by serving an answer with counterclaims, the plaintiff moved, inter alia, pursuant to CPLR 3211 (a) (3) and (7) to dismiss the counterclaims. On the return date of the motion, the Supreme Court, sua sponte, raised the issue of severance as to the relief sought against each of the 12 PCs and, at the court's request, the parties submitted supplemental memoranda on the issue. In the order appealed from, the Supreme Court, among other things, sua sponte, severed the action as to the 12 PCs, but permitted the plaintiff to serve an amended complaint against Dr. McGee and three PCs of the plaintiff's choosing on a theory of fraudulent incorporation. The Supreme Court also denied those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a)

(3) and (7) to dismiss the defendants' counterclaims, with leave to renew after joinder of issue on an amended complaint.

The Supreme Court improvidently exercised its discretion in, sua sponte, severing the action as to the 12 PCs, and, in effect, permitting the action to continue only against Dr. McGee and 3 of the 12 PCs. "Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (*Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]; *Lelekakis v Kamamis*, 41 AD3d 662, 666 [2007]). Severance is inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Bentoria Holdings, Inc. v Travelers Indem. Co.*, 84 AD3d 1135 [2011]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507-508; *Lelekakis v Kamamis*, 41 AD3d at 666; *Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]). Here, the complaint alleged the existence of a common scheme to fraudulently incorporate the PCs through the use of Dr. McGee's professional license, which, if established, would render all of the PCs ineligible to recover no-fault benefits (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 319-322 [2005]). The common factual and legal issues presented as to whether the 12 PCs were fraudulently incorporated predominate the action and, thus, the interests of judicial economy and consistency of verdicts would be not be served by requiring the plaintiff to commence multiple actions. To the contrary, such fragmentation would increase litigation and place "an unnecessary burden on court facilities" (*Shanley v Callanan Indus.*, 54 NY2d at 57), by requiring four separate trials instead of one.

Furthermore, the Supreme Court should have granted that branch of the plaintiff's motion which was to dismiss the defendants' counterclaims pursuant to CPLR 3211 (a) (7). The counterclaims are predicated on the defendants' allegation that they are entitled to reimbursement for medical services provided under the medical payments coverage provisions of the subject insurance policies rather than the no-fault coverage provisions. However, medical payments coverage is excess coverage over mandatory no-fault coverage (*see* 11 NYCRR 65-1.1), and the defendants have failed to allege or otherwise demonstrate that the payments they seek exceed the no-fault threshold of $50,000 for basic economic loss of an eligible injured person for a single accident. Since the defendants have failed to allege facts which, if true, would entitle them to recover for medical services rendered under medical payments coverage, the counterclaims

fail to state a cause of action (*see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Jaymer Communications, Inc. v Associated Locksmiths of Am., Inc.*, 84 AD3d 888 [2011]).

The plaintiff's remaining contention that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the counterclaims because the defendants lacked standing to assert them is without merit. Rivera, J.P., Eng, Roman and Miller, JJ., concur. **[Prior Case History: 25 Misc 3d 1232(A), 2009 NY Slip Op 52385(U).]**