■ Rrapush Zili, Respondent, v City of New York et al., Respondents, and Teresa Barreca et al., Appellants. [963 NYS2d 684]—

In an action to recover damages for personal injuries, the defendants Teresa Barreca, Dana Parente, and Jonathan

Parente appeal from an order of the Supreme Court, Kings County (Ash, J.), dated May 30, 2012, which denied their motion pursuant to CPLR 603 to sever the action insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On January 17, 2007, the plaintiff, while walking on the sidewalk under a train overpass in front of premises located at 2006 86th Street in Brooklyn, allegedly was injured when he slipped and fell on an accumulation of water and ice. On two separate dates later in 2007, the defendants City of New York and New York City Transit Authority took the plaintiff's testimony pursuant to, inter alia, General Municipal Law § 50-h. In 2008, the plaintiff commenced this action to recover damages for personal injuries against, among others, Teresa Barreca, Dana Parente, and Jonathan Parente (hereinafter collectively the appellants), who allegedly owned or operated the subject premises. In 2012, the parties learned from the plaintiff's physician that the plaintiff was suffering from senile dementia and would be unable to testify at trial. Thereafter, the appellants moved pursuant to CPLR 603 to sever the action insofar as asserted against them. The Supreme Court denied the motion.

"The grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance" (*Chiarello v Rio*, 101 AD3d 793, 797 [2012]; *see Quiroz v Beitia*, 68 AD3d 957, 960 [2009]; *Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]). "[T]his discretion should be exercised sparingly" (*Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]). Indeed, severance is inappropriate where there are common factual and legal issues and the interests of judicial economy and consistency of verdicts will be served by having a single trial (*see Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d at 727).

Here, the Supreme Court providently exercised its discretion in denying the appellants' motion to sever the action insofar as asserted against them. The causes of action asserted against all of the defendants present common factual and legal issues, and the appellants failed to establish that a single trial would result in prejudice to a substantial right (*see Mothersil v Town Sports Intl.*, 24 AD3d 424, 425 [2005]; *Ingoglia v Leshaj*, 1 AD3d 482, 485 [2003]). Contrary to the appellants' contention, they will not be unduly prejudiced at trial by the admission into evidence of the plaintiff's General Municipal Law § 50-h testimony, as

they can ask the trial court to instruct the jury that such testimony cannot be used against them, as they were not notified of the hearings and were not present for the testimony (*see Weinberg v City of New York*, 3 AD3d 489, 490 [2004]). Furthermore, any potential prejudice is outweighed by the possibility of inconsistent verdicts in the event that the cause of action against them were tried separately (*see Chiarello v Rio*, 101 AD3d at 797). Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.