■ New York Schools Insurance Reciprocal, as Subrogee of West Babylon Union Free School District, Respondent, v Milburn Sales Co., Inc., Doing Business as Milburn Carpet One Floors & Home and Another, Defendant/Third-Party Plaintiff-Appellant. Stalco Construction, Inc., et al., Third-Party Defendants. [31 NYS3d 102]—

In a subrogation action to recover damages for injury to property and a third-party action seeking indemnity and contribution, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), entered March 27, 2014, which granted the plaintiff's motion pursuant to CPLR 1010 to sever the third-party action.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs payable by the plaintiff, and the plaintiff's motion pursuant to CPLR 1010 to sever the third-party action is denied.

On the night of February 18, 2010, an elementary school in the West Babylon Union Free School District (hereinafter the school district) was severely damaged by a fire. Earlier that day, the defendant/third-party plaintiff (hereinafter the appellant) had been performing renovations in the school's gymnasium, which included stripping, sanding, painting, and sealing the floor. The plaintiff paid insurance benefits to the school district, and subsequently commenced this action against the appellant, as the school district's subrogor, to recover damages for injury to the school district's property.

During a deposition of a school district employee, the appellant learned that certain work on a library renovation project had been performed in February 2010. The appellant then commenced a third-party action against contractors who had performed work on the library renovation project, seeking indemnification and contribution. The plaintiff moved pursuant to CPLR 1010 to sever the third-party action from the main action, and the Supreme Court granted the motion.

"Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (*Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *see New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d 622, 624 [2011]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). Severance is generally "inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (*New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d at 624; *see Zili v City of New York*, 105 AD3d 949, 950-951 [2013]).

Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to sever, as the third-party action raises factual and legal issues in common with the main action (*see Herrera v Municipal Hous. Auth. of City of Yonkers*, 107 AD3d 949, 949 [2013]; *New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d at 624; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 826 [2010]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507-508; *Villatoro v Talt*, 269 AD2d 390, 391 [2000]; *Rivera v Ricciardi*, 264 AD2d 442 [1999]). The only prejudice cited by the plaintiff was that resulting from delay. However, the appellant was not responsible for much of the 15-month delay in commencing the third-party action, since it had no reason to know about the work performed on the school by other contractors until the deposition of the school district employee. Further, at the time of the plaintiff's motion to sever, discovery was only partially complete. Among other things, none of the appellants' employees had been deposed at that time. Under these circumstances, any potential prejudice resulting from the delay was outweighed by the interests of judicial economy and consistency of verdicts that would be served by having a single trial (*see Zili v City of New York*, 105 AD3d at 951).

Accordingly, the plaintiff's motion should have been denied (*see Herrera v Municipal Hous. Auth. of City of Yonkers*, 107 AD3d at 949; *Chiarello v Rio*, 101 AD3d 793, 797 [2012]; *New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d at 624; *Boeke v Our Lady of Pompei School*, 73 AD3d at 826; *Quiroz v Beitia*, 68 AD3d 957, 960-961 [2009]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507-508). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.