■ Marvin Lee Barrett, Respondent, v New York City Health and Hospitals Corporation, Defendant/Third-Party Plaintiff-Appellant. Long Island College Hospital, Third-Party Defendant-Respondent. [55 NYS3d 318]—

In an action, inter alia, to recover damages for medical malpractice and a related third-party action, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Weston, J.), dated August 10, 2015, as, sua sponte, severed the third-party

action from the main action, and denied that branch of its motion which was pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, severed the third-party action from the main action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendant third-party plaintiff's motion which was pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue is granted.

Beginning on or about December 17, 2010, the plaintiff received medical care from physicians employed at Kings County Hospital Center, which is owned and operated by the defendant third-party plaintiff, New York City Health and Hospitals Corporation (hereinafter NYCHHC). On February 8, 2011, the plaintiff allegedly suffered a blood clot that reached his brain, causing him to have a stroke and sustain injuries.

On April 26, 2012, the plaintiff commenced this action against NYCHHC, inter alia, to recover damages for medical malpractice. During the discovery process, NYCHHC learned that while the plaintiff was being treated at Kings County Hospital Center, he was also being treated for the same medical condition, during the same time period, at Long Island College Hospital (hereinafter LICH). On July 10, 2014, NYCHHC commenced a third-party action against LICH seeking indemnity and contribution.

On December 15, 2014, the plaintiff filed a note of issue. On January 5, 2015, NYCHHC moved, inter alia, pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue based upon discovery not having been completed. In an order dated August 10, 2015, the Supreme Court, among other things, sua sponte, severed the third-party action from the main action, and denied that branch of NYCHHC's motion which was to vacate the note of issue. The court based its decision on the purported prejudice to the plaintiff that would result from the continued prosecution of the third-party action, and the delay by NYCHHC in bringing the third-party action. We reverse insofar as appealed from.

"Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (*Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *see New York*

*Schs. Ins. Reciprocal v Milburn Sales Co., Inc.*, 138 AD3d 940, 941 [2016]; *New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d 622, 624 [2011]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). Severance is generally "inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (*New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d at 624; *see Zili v City of New York*, 105 AD3d 949, 950-951 [2013]).

Here, the Supreme Court improvidently exercised its discretion in, sua sponte, severing the third-party action, which raises factual and legal issues in common with the main action (*see Herrera v Municipal Hous. Auth. of City of Yonkers*, 107 AD3d 949, 949 [2013]; *New York Cent. Mut. Ins. Co. v McGee*, 87 AD3d at 624; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 826 [2010]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507-508; *Villatoro v Talt*, 269 AD2d 390, 391 [2000]; *Rivera v Ricciardi*, 264 AD2d 442 [1999]). The main action was commenced on April 26, 2012, and a preliminary conference was held on April 19, 2013. Thereafter, compliance conferences were held on September 20, 2013, January 31, 2014, March 21, 2014, and June 19, 2014. The note of issue deadline was originally designated as February 28, 2014; however, it was adjourned by the court to May 30, 2014. The compliance conference orders demonstrate that as late as June 19, 2014, there was still outstanding discovery that the plaintiff was to provide to NYCHHC in the main action. On July 10, 2014, NYCHHC commenced the third-party action after it determined during discovery, and upon reviewing the plaintiff's medical records, that an impleader would be necessary. Notwithstanding the claims to the contrary, there is no evidence in the record to suggest that NYCHHC intentionally delayed in bringing the third-party action.

Thereafter, neither the plaintiff nor LICH moved to sever the actions, but rather, on September 22, 2014, all parties executed a stipulation wherein they agreed that the time to file the note of issue would be extended to December 31, 2014, so that discovery could be completed. Notwithstanding this stipulation, the plaintiff prematurely filed the note of issue on December 15, 2014, even though discovery was not complete in the third-party action. Based upon the aforementioned circumstances, severance of the third-party action was not warranted.

The Supreme Court also improvidently exercised its discretion in denying that branch of NYCHHC's motion which was to vacate the note of issue, since the certificate of readiness

contained misstatements of material fact, including that discovery had been completed (*see* 22 NYCRR 202.21 [e]; *Herrera v Municipal Hous. Auth. of City of Yonkers*, 107 AD3d at 949-950; *Young v Destaso Funding, LLC*, 92 AD3d 778, 779 [2012]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.