Mejia v Doe (2020 NY Slip Op 04936)





Mejia v Doe


2020 NY Slip Op 04936


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-01881
 (Index No. 703166/17)

[*1]Luisa Mejia, appellant, 
v
John Doe, etc., et al., defendants, Max Finkelstein, Inc., respondent.


Hausman & Pendzick, Harrison, NY (Elizabeth M. Pendzick of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 8, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Max Finkelstein, Inc., which was pursuant to CPLR 603 to sever the cause of action asserted against it from the cause of action asserted against the defendant Dominic Schirrippa.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Max Finkelstein, Inc., which was to sever the cause of action asserted against it from the cause of action asserted against the defendant Dominic Schirrippa is denied.
The plaintiff commenced this action against the defendants Max Finkelstein, Inc. (hereinafter Finkelstein), and Dominic Schirrippa (hereinafter Schirrippa, together with Finkelstein, the defendants), to recover damages for personal injuries allegedly arising from two separate motor vehicle accidents that occurred on May 30, 2014, and June 16, 2016, respectively. Schirrippa filed an answer with a cross claim seeking contribution and indemnification against Finkelstein. Finkelstein subsequently moved, inter alia, pursuant to CPLR 603 to sever the cause of action asserted against it from the cause of action asserted against Schirrippa. By order entered January 8, 2018, the Supreme Court, inter alia, granted that branch of Finkelstein's motion. The plaintiff appeals.
CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." " Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly'" (Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 950, quoting Shanley v Callanan Indus., 54 NY2d 52, 57; see Zill v City of New York, 105 AD3d 949, 950; New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624).
The Supreme Court improvidently exercised its discretion in granting that branch of Finkelstein's motion which was to sever the cause of action asserted against it from the cause of [*2]action asserted against Schirrippa (see Barrett v New York City Health and Hosps. Corp., 150 AD3d at 950). The causes of action asserted against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (see Naylor v Knoll Farms of Suffolk County, Inc., 31 AD3d 726, 727). Contrary to Finkelstein's contention, the medical records submitted by the plaintiff in opposition to its motion, which was made before the plaintiff served a bill of particulars and before discovery had commenced, sufficiently demonstrated that a common question exists as to whether certain injuries which the plaintiff allegedly sustained in the first automobile accident were exacerbated by the second automobile accident (see Longo v Fogg, 150 AD3d 724, 725; Dolce v Jones, 145 AD2d 594, 595; Cieza v 20th Ave. Realty, Inc., 109 AD3d 506, 506-507; Romandetti v County of Orange, 289 AD2d 386). Furthermore, Finkelstein failed to establish that a single trial would result in it suffering prejudice to a substantial right, or that any such prejudice could not be mitigated by the trial court with the appropriate jury instruction (see Sumi Chang Yeh v Leonardo, 134 AD3d 695, 696; Zill v City of New York, 105 AD3d at 950).
Accordingly, the Supreme Court should have denied that branch of Finkelstein's motion which was pursuant to CPLR 603 to sever the cause of action asserted against it from the cause of action asserted against Schirrippa.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court