M.V.B. Collision, Inc. v Allstate Ins. Co. (2020 NY Slip Op 05736)





M.V.B. Collision, Inc. v Allstate Ins. Co.


2020 NY Slip Op 05736


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06834
 (Index No. 11602/12)

[*1]M..B. Collision, Inc., etc., respondent, 
v
Allstate Insurance Company, appellant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Henry Mascia, and J'Naia L. Boyd of counsel), for appellant.
Steven F. Goldstein, LLP, Carle Place, NY (Gina M. Arnedos of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of General Business Law § 349, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered April 4, 2019. The order denied the defendant's motion pursuant to CPLR 603 to sever the underlying claims for trial, and upon such severance, pursuant to CPLR 325 for removal to District Court.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was to sever the claims underlying the first cause of action, alleging tortious interference with contract, is dismissed as academic in light of our determination on a related appeal (MVB Collision, Inc. v Allstate Ins. Co., ___ AD3d ___ [Appellate Division Docket No. 2018-11020; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, which owned and operated an auto repair shop, alleged, among other things, that the defendant insurer engaged in practices which deceived claimants who sought to have their vehicles repaired at the plaintiff's shop, resulting in losses to the plaintiff. The plaintiff commenced this action, inter alia, to recover damages for violation of General Business Law § 349. The defendant moved, inter alia, to sever the claims underlying that cause of action, and, upon severance, to remove the claims to District Court. In an order entered April 4, 2019, the Supreme Court denied that branch of the motion, and the defendant appeals.
Although it is within a trial court's discretion to direct a severance of claims (see CPLR 603), "this discretion should be exercised sparingly" (Shanley v Callanan Indus., 54 NY2d 52, 57). "Severance is inappropriate where the claims against the defendant[ ] involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624).
Here, the Supreme Court providently exercised its discretion in declining to sever the claims underlying the General Business Law § 349 cause of action. Common factual and legal questions exist as to those claims, including whether the alleged misconduct in which the defendant engaged, which was common to the underlying claims, was consumer-oriented and whether it was misleading or deceptive (see Itzkowitz v Ginsburg, 186 AD3d 579, 581-582; New York Cent. Mut. Ins. Co. v McGee, 87 AD3d at 624). The existence of such common questions raises the possibility of inconsistent verdicts should the claims be severed. Moreover, the defendant failed to establish that a single trial would result in prejudice to a substantial right (see Sumi Chuang Yeh v Leonardo, 134 AD3d 695, 695-696; Zili v City of New York, 105 AD3d 949, 950).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to sever the claims underlying the General Business Law § 349 cause of action, and, upon severance, to remove the claims to District Court.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court