Maltese v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 02626)

Maltese v Port Auth. of N.Y. & N.J.

2022 NY Slip Op 02626

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 22496/15E, 43003/18E Appeal No. 15787 Case No. 2021-00846 

[*1]Antonio Maltese et al., Plaintiffs-Appellants,
v
Port Authority of New York and New Jersey et al., Defendants-Respondents.
Port Authority of New York and New Jersey et al., Third-Party Plaintiffs-Respondents,
v
Techno Consult, Inc., Third-Party Defendant.
Techno Consult, Inc., Second Third-Party Plaintiff,
v
Yonkers Contracting Company, Inc. Second Third-Party Defendant-Respondent.

Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for appellants.
London Fischer LLP, New York (Daniel C. Rosenberg of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 4, 2020, which denied plaintiffs' motion to sever the third-party actions without prejudice and with leave to renew, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiffs' motion to sever the third-party actions notwithstanding any delay in commencing those actions, because plaintiffs made no showing that the main action will be delayed to their prejudice, and the discovery rights of the third-party actions can be accommodated (see CPLR §§ 603 and 1010; Nielsen v New York State Dormitory Auth., 84 AD3d 519, 520 [1st Dept 2011]). The main action and the third-party actions should be tried together as they involve common factual and legal issues that are not overly complex and the interests of judicial economy and consistency will be served by having a single trial (see Luckey v City of New York, 177 AD3d 460 [1st Dept 2019]; Wilson v City of New York, 1 AD3d 157, 157 [1st Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022