Nieto v 1054 Bushwick Ave, LLC (2023 NY Slip Op 04320)

Nieto v 1054 Bushwick Ave, LLC

2023 NY Slip Op 04320

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-09031
 (Index No. 519002/17)

[*1]Gabriel Nieto, plaintiff, 
v
1054 Bushwick Ave, LLC, et al., defendants third-party plaintiffs-appellants; Superpower Enterprises, Inc., third-party defendant-respondent.

McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Daniel Reiser and Patrick W. Brophy of counsel), for defendants third-party plaintiffs-appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Frank J. Lourenso and Erol B. Gurcan of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated August 26, 2020. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant which was to sever the third-party action from the main action.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the third-party defendant which was to sever the third-party action from the main action is denied.
In January 2017, the plaintiff allegedly suffered personal injuries while working on a construction project located at premises owned by 1054 Bushwick Ave, LLC (hereinafter 1054 Bushwick), for which All Purpose GC, LLC (hereinafter All Purpose), acted as the general contractor. In October 2017, the plaintiff commenced this action against 1054 Bushwick and All Purpose, asserting causes of action pursuant to Labor Law §§ 200, 240(1), and 241(6). In May 2018, 1054 Bushwick and All Purpose commenced a third-party action against the plaintiff's employer, Superpower Enterprises, Inc. (hereinafter Superpower), seeking, inter alia, contractual indemnification and contribution. In February 2020, the plaintiff filed a note of issue. However, the plaintiff's counsel acknowledged in an affirmation of compliance that there was outstanding [*2]discovery in the main action. Superpower subsequently moved, inter alia, to sever the third-party action on the ground that substantial discovery was outstanding in the third-party action. By order dated August 26, 2020, the Supreme Court granted that branch of Superpower's motion. 1054 Bushwick and All Purpose appeal.
"'Although it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly'" (Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 950, quoting Shanley v Callanan Indus., 54 NY2d 52, 57; see Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507). Generally, "[s]everance is inappropriate where the claims against the defendants involve common factual and legal issues, and the interests of judicial economy and consistency of verdicts will be served by having a single trial" (New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624; see New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc., 138 AD3d 940, 941; Zili v City of New York, 105 AD3d 949, 950).
Here, the Supreme Court improvidently exercised its discretion in severing the third-party action from the main action. The third-party action raises factual and legal issues in common with the main action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (see Barrett v New York City Health & Hosps. Corp., 150 AD3d at 951; New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc., 138 AD3d at 941; Herrera v Municipal Hous. Auth. of City of Yonkers, 107 AD3d 949, 949). Furthermore, there is no evidence that a single trial would result in prejudice to a substantial right of any party. The record indicates that there was still outstanding discovery in the main action. Accordingly, the court should have denied that branch of Superpower's motion which was to sever the third-party action from the main action.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court