Carvajal v Alcaide (2025 NY Slip Op 04973)

Carvajal v Alcaide

2025 NY Slip Op 04973

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-05820
 (Index No. 714094/19)

[*1]Ruth Carvajal, plaintiff, 
v
Alejandro Alcaide, etc., defendant third-party defendant-appellant, Flushing Hospital Medical Center, defendant third-party plaintiff-respondent, et al., defendant.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Jacob L. Bentley of counsel), for defendant third-party defendant-appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg, Richard Wolf, and Yuko A. Nakahara of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant third-party defendant appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated January 22, 2024. The order, insofar as appealed from, denied that branch of the defendant third-party defendant's motion which was pursuant to CPLR 1010 to dismiss the third-party action or, in the alternative, to sever the third-party action from the main action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2019, the plaintiff commenced this action (hereinafter the main action) against the defendants Alejandro Alcaide, Flushing Hospital Medical Center (hereinafter FHMC), and another individual, to recover damages she alleged she sustained during a surgical procedure. The plaintiff did not file an affidavit of service for Alcaide, and FHMC was the only defendant that appeared in the main action. After discovery, FHMC moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated June 6, 2023, the Supreme Court denied FHMC's motion. In November 2023, FHMC commenced a third-party action seeking indemnification against Alcaide. Alcaide moved, inter alia, pursuant to CPLR 1010 to dismiss the third-party action or, in the alternative, to sever the third-party action from the main action. In an order dated January 22, 2024, the court, among other things, denied that branch of the motion. Alcaide appeals.
"CPLR 1010 provides a safety valve for cases in which the third-party claim will unduly delay the determination of the main action or prejudice the substantial rights of any party" (Annanquartey v Passeser, 260 AD2d 517, 517 [internal quotation marks omitted]; see CPLR 1010).
The Supreme Court providently exercised its discretion in denying that branch of Alcaide's motion which was pursuant to CPLR 1010 to dismiss the third-party action or, in the alternative, to sever the third-party action from the main action. Notwithstanding FHMC's delay in commencing the third-party action, Alcaide's discovery rights can be accommodated, and Alcaide [*2]has not otherwise demonstrated prejudice due to his having been impleaded at this juncture (see Maltese v Port Auth. of N.Y. & N.J., 204 AD3d 542, 542; Range v Trustees of Columbia Univ. in the City of N.Y., 150 AD3d 515, 516). Further, there is no indication that the brief additional delay to permit discovery in the third-party action will cause substantial prejudice to the plaintiff in the main action (see Annanquartey v Passeser, 260 AD2d at 517-518; Klein v City of Long Beach, 154 AD2d 346, 347).
Moreover, while "it is within a trial court's discretion to grant a severance, this discretion should be exercised sparingly" (Nieto v 1054 Bushwick Ave, LLC, 219 AD3d 754, 755 [internal quotation marks omitted]; see New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc., 138 AD3d 940, 941). Here, the Supreme Court providently exercised its discretion in declining to sever the third-party action from the main action. The third-party action raises factual and legal issues in common with the main action, and the interests of judicial economy and consistency of verdicts will be served by having a single trial (see Nieto v 1054 Bushwick Ave, LLC, 219 AD3d at 755-756; Maltese v Port Auth. of N.Y. & N.J., 204 AD3d at 542).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of Alcaide's motion which was pursuant to CPLR 1010 to dismiss the third-party action or, in the alternative, to sever the third-party action from the main action.
Alcaide's remaining contention is without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court