B.F. v New York City Hous. Auth. (2026 NY Slip Op 01771)

B.F. v New York City Hous. Auth.

2026 NY Slip Op 01771

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-00239
 (Index No. 500694/18)

[*1]B.F., etc., et al., appellants, 
vNew York City Housing Authority, defendant third-party plaintiff-respondent; Hasson Wilson, et al., third-party defendants.

William Pager, Brooklyn, NY, for appellants.
Krez & Flores, LLP (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless], of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for negligence, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated October 11, 2023. The order denied the plaintiffs' motion to dismiss the third-party complaint or, in the alternative, to sever the third-party action from the main action.
ORDERED that the order is affirmed, with costs.
The plaintiff B. F. (hereinafter the infant plaintiff) was sexually assaulted by two assailants on the rooftop of a building owned by the defendant New York City Housing Authority (hereinafter NYCHA). The assailants were criminally convicted. The infant plaintiff, by her father and natural guardian, and her father suing derivatively, commenced this action against NYCHA, alleging that it was negligent in the security of the building, among other things. NYCHA commenced a third-party action against the assailants, seeking contribution and indemnification. The plaintiffs moved, in effect, pursuant to CPLR 1010, among other provisions, to dismiss the third-party complaint or, in the alternative, to sever the third-party action from the main action. The Supreme Court denied the motion. The plaintiffs appeal.
CPLR 1010 authorizes a court to dismiss a third-party complaint without prejudice or to sever the third-party action when "the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party." Among other facts, a court may consider whether the third-party plaintiff knowingly and deliberately delayed in commencing the third-party action (see Soto v CBS Corp., 157 AD3d 740, 741).
Here, notwithstanding NYCHA's delay in commencing the third-party action, the plaintiffs failed to demonstrate that the third-party action would unduly delay the determination of the main action, for which a note of issue had not yet been filed, or that the third-party action would substantially prejudice their rights (see Carvajal v Alcaide, 241 AD3d 1420; Maltese v Port Auth. of N.Y. & N.J., 204 AD3d 542; Range v Trustees of Columbia Univ. in the City of N.Y., 150 AD3d [*2]515, 516).
The plaintiffs' remaining contentions are without merit. NYCHA's contention that the appeal is academic is based on evidence dehors the record and, therefore, has not been considered (see Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 749).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to dismiss the third-party complaint or, in the alternative, to sever the third-party action from the main action.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court